DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:    DANA WALSH KUMAR
         TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2741/2721
Facsimile: (212) 637-2717
Email: dana.walsh.kumar@usdoj.gov
         tomoko.onozawa@usdoj.gov


UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  NEW  YORK

| | |
|---|---|
| HAITIAN BRIDGE ALLIANCE, AFRICAN COMMUNITIES TOGETHER, and UNDOCUBLACK NETWORK, <br><br>                Plaintiffs, <br><br>           v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and FEDERAL BUREAU OF PRISONS, <br><br>                Defendants. | 22 Civ. 8344 (ER) <br><br> **ANSWER OF DEFENDANTS** |

Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border

Protection ("CBP"), U.S. Immigration and Customs Enforcement ("ICE") and Federal Bureau of

Prisons ("BOP") (jointly, "Defendants"), by their attorney, Damian Williams, United States

Attorney for the Southern District of New York, hereby answer the complaint of plaintiffs Haitian

Bridge Alliance ("HBA"), African Communities Together ("ACT"), and UndocuBlack Network

("UBN") (jointly, "Plaintiffs") upon information and belief as follows:

    1.      Paragraph 1 constitutes alleged background information, not allegations of fact

pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 1 contains factual allegations to which a response is required, deny the allegations in Paragraph 1.

2.      Paragraph 2 constitutes Plaintiffs' characterization of their claims in this lawsuit, to which no response is required. To the extent Paragraph 2 contains factual allegations to which a response is required, aver that this action purports to be brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and that Plaintiffs seek injunctive and declaratory relief to compel Defendants to disclose requested agency records.

3.      Paragraph 3 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent Paragraph 3 contains factual allegations to which a response is required, deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Paragraph 4 constitutes Plaintiffs' characterization of their claims in this lawsuit, to which no response is required. To the extent Paragraph 4 contains factual allegations to which a response is required, aver that this action purports to be brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and that Plaintiffs seek injunctive and declaratory relief to compel Defendants to disclose requested agency records.

**BACKGROUND**[1]

5.      Paragraph 5 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is

---

[1] For convenience, section headings of the complaint are included, but they are not part of the Defendants' response to the complaint.

required, and Plaintiffs' characterization of a report and newspaper article, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the report and news article cited in Paragraph 5, footnote 2, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

6.      Paragraph 6 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of a report and online news article, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the report and online news article cited in Paragraph 6, footnotes 3 and 4, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

7.      Paragraph 7 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of online reports and news articles, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the online reports and news articles cited in Paragraph 7, footnotes 6 through 17, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

8.      Paragraph 8 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of online reports and news articles, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the

online reports and news articles cited in Paragraph 8, footnotes 18 through 24, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

9.      Paragraph 9 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of a press briefing and a news article, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the press briefing and news article cited in Paragraph 9, footnotes 25 through 26, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

10.      Paragraph 10 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of 8 U.S.C. § 1231(b)(3)(A) and government media releases, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the statute and media releases cited in Paragraph 10, footnotes 27 through 29, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

11.      Paragraph 11 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of a press briefing and a news article, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the press briefing and news article cited in Paragraph 11, footnotes 30 through 31, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or

accurately characterize their true contents.

12.     Paragraph 12 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of a news article and a press briefing, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the news article and press briefing cited in Paragraph 12, footnotes 32 through 33, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

13.     Paragraph 13 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of news articles and a report, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the news articles and the report cited in Paragraph 13, footnotes 34 through 36, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

14.     Paragraph 14 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of government press releases and court filings, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the government press releases and court filings cited in Paragraph 14, footnotes 37 through 39, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

15.     Paragraph 15 constitutes alleged background information, not allegations of fact

pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of a news article, a United Nations article, a report, and a government press release, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the documents cited in Paragraph 15, footnotes 40 through 45, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

16.    Paragraph 16 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of a report, a Human Rights Watch article, a United Nations article, a report, and a government press release, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the documents cited in Paragraph 16, footnotes 46 through 49, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

17.    Paragraph 17 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of a government press release, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the press release cited in Paragraph 17, footnote 50, for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its true contents.

18.    Paragraph 18 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required, and Plaintiffs' characterization of two reports, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the reports cited in

Paragraph 18, footnotes 51 through 53, for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

19.     Paragraph 19 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 19.

20.     Paragraph 20 constitutes Plaintiffs' characterization of their FOIA request to DHS, CBP, ICE and BOP dated October 1, 2021 ("October 2021 Request") and their FOIA request to DHS and CBP dated February 25, 2022 ("February 2022 Request") (jointly, "FOIA Requests"), to which no response is required.  To the extent Paragraph 25 contains factual allegations to which a response is required, respectfully refer the Court to the FOIA Requests described therein for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the FOIA Requests' true contents.

21.     Admit that, to date, DHS, CBP have not produced non-exempt records or portions of records responsive to the October 2021 Request and the February 2022 Request, and that ICE has not produced non-exempt portions of records responsive to the October 2021 Request.  DHS further avers that on January 28, 2022, DHS informed Plaintiffs that the October 2021 FOIA Request was "too broad in scope or did not specifically identify the records which [Plaintiffs] are seeking" and asked Plaintiffs to resubmit the October 2021 Request with "a reasonable description of the records" sought, but Plaintiffs have not done so.  BOP avers that: on February 3, 2022, BOP completed its search for records responsive to Plaintiffs' October 2021 Request; on September 7, 2022, BOP informed Plaintiffs that some records had to be sent to DHS and other components of the U.S. Department of Justice for consultation before BOP could release those records; followed up with DHS regarding the status of their review of the pages sent to DHS for consultation; and

on November 9, 2022, BOP released 680 pages of non-exempt records or non-exempt portions of records to Plaintiffs.  Defendants deny the remainder of the allegations in Paragraph 21 of the complaint.

22.    Paragraph 22 contains conclusions of law to which no response is required.  To the extent Paragraph 22 contains factual allegations to which a response is required, deny the allegations in Paragraph 22.

## JURISDICTION AND VENUE

23.    Paragraph 23 constitutes conclusions of law, to which no response is required.

24.    Paragraph 24 constitutes conclusions of law, to which no response is required.

## PARTIES

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.    DHS admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).  The second sentence in Paragraph 28 constitutes conclusions of law, to which no response is required.  To the extent the second sentence in Paragraph 28 contains factual allegations to which a response is required, DHS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.    CBP admits that it is a component of DHS and a federal agency within the meaning of 5 U.S.C. §552(f)(1). The second sentence in paragraph 29 constitutes conclusions of law, to

which no response is required.  To the extent the second sentence in Paragraph 29 contains factual allegations to which a response is required, CBP denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     ICE admits that it is a component of DHS and a federal agency within the meaning of 5 U.S.C. §552(f)(1). The second sentence in Paragraph 30 constitutes conclusions of law, to which no response is required.  To the extent the second sentence in Paragraph 30 contains factual allegations to which a response is required, ICE denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     BOP admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). The second sentence in Paragraph 31 constitutes conclusions of law, to which no response is required.  To the extent the second sentence in Paragraph 31 contains factual allegations to which a response is required, BOP denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

## STATUTORY FRAMEWORK

32.     Paragraph 32 constitutes Plaintiffs' characterization of 5 U.S.C. § 552(a)-(b), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the statutory provisions cited in Paragraph 32 for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their true contents.

33.     Paragraph 33 constitutes Plaintiffs' characterization of 5 U.S.C. § 552(a)(6)(A)(i), and § 552(a)(6)(C)(i), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the statutory provisions cited in Paragraph 33 for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect

or accurately characterize their true contents.

**FACTS RELATING TO PLAINTIFFS' FOIA REQUESTS**
**AND DEFENDANTS' RESPONSES**

34.     CBP and DHS admit that they received FOIA requests from Plaintiffs dated October 1, 2021, and February 25, 2022.  ICE and BOP admit that they received a FOIA request from Plaintiffs dated October 1, 2021, but ICE and BOP deny that they received a FOIA request from Plaintiffs dated February 25, 2022.  Defendants deny the allegations contained in the second sentence of Paragraph 34.

**A.     Plaintiffs' October 1, 2021 Requests and Defendants' Responses**

35.     Defendants admit that they received a FOIA request from Plaintiffs dated October 1, 2021.  The second sentence of Paragraph 35 constitutes Plaintiffs' characterization of the October 2021 Request, to which no response is required.  To the extent Paragraph 35 contains factual allegations to which a response is required, respectfully refer the Court to the October 2021 Request for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the October 2021 Request's true contents.

36.     Paragraph 36 constitutes Plaintiffs' characterization of the October 2021 Request, to which no response is required.  To the extent Paragraph 36 contains factual allegations to which a response is required, respectfully refer the Court to the October 2021 Request for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the October 2021 Request's true contents.

37.     Paragraph 37 constitutes Plaintiffs' characterization of the October 2021 Request and Plaintiffs' characterization of 5 U.S.C. § 552(a), to which no response is required.  To the extent Paragraph 37 contains factual allegations to which a response is required, respectfully refer the Court to the October 2021 Request and the statutory provision cited for a true and complete

statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the October 2021 Request's or the cited statutory provision's true contents.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 37.

### *October 2021 Requests to DHS*

38.    DHS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and DHS avers that it has no record of receiving an email from Plaintiffs on November 23, 2021.

39.    DHS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and DHS avers that it has no record of receiving an email from Plaintiffs on January 21, 2022.

40.    DHS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and DHS avers that it emailed Plaintiff on January 28, 2022, with an attached acknowledgement letter dated January 28, 2022, which assigned the October 2021 request with tracking number 2022-HQFO-00138.

41.    DHS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and DHS avers that it has no record of receiving an email from Plaintiffs on January 24, 2022.

42.    DHS admits that it emailed Plaintiff on January 28, 2022, with an attached acknowledgement letter dated January 28, 2022, which assigned the October 2021 request with tracking number 2022-HQFO-00138, and respectfully refers the Court to the contents of the referenced correspondence for a true and complete statement of its contents, and denies the

allegations to the extent they fail to reflect or accurately characterize the referenced correspondence's true contents.

43.     DHS admits that it received Plaintiffs' March 8, 2022 letter, and respectfully refers the Court to the contents of the referenced letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the referenced letter's true contents.   To the extent the allegations contained in Paragraph 43 constitute conclusions of law, no response is required, and DHS otherwise denies the allegations contained in Paragraph 43.

44.     DHS admits that it received Plaintiffs' March 8, 2022 letter, and respectfully refers the Court to the contents of the referenced letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the referenced letter's true contents.

45.     DHS denies the allegations in Paragraph 45, except admits that DHS administratively closed the October 2021 Request and avers that DHS provided to Plaintiffs an acknowledgement letter dated January 28, 2022, which assigned the October 2021 Request with tracking number 2022-HQFO-00138, and notified Plaintiffs of the October 2021 Request's overbreadth and provided Plaintiffs with an opportunity to cure the October 2021 Request or to contact the agency to discuss the Request.  DHS further avers that it did not receive any resubmitted request from Plaintiff curing the defects in the October 2021 Request.

### *October 2021 Requests to CBP*

46.     CBP admits that it sent Plaintiffs a letter acknowledging receipt of the October 2021 Request and that CBP assigned the October 2021 Request with reference number CBP-2022-000314.

47.     CBP admits the allegations in the first sentence of Paragraph 47.  CBP denies the allegations in the second sentence of Paragraph 47, except admits that the imposition of a fee by CBP was inapplicable with respect to the October 2021 Request

48.     CBP denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     CBP admits.

50.     CBP admits that as of October 14, 2021, CBP had not issued correspondence to Plaintiffs regarding the October 2021 Request.

### *October 2021 Requests to ICE*

51.     ICE admits.

52.     ICE admits.

53.     ICE admits.

54.     ICE admits.

55.     ICE admits.

### *October 2021 Requests to BOP*

56.     BOP admits.

57.     BOP admits.

58.     BOP admits.

59.     BOP admits.

60.     BOP admits.

61.     BOP admits.

62.     BOP admits.

63.     BOP admits, and avers that on July 14, 2022, BOP responded that there were still

a few hundred pages to process, and that portions contained equities of other agencies, which needed to be sent to their respective FOIA offices for review prior to release.

64.     BOP admits.

65.     BOP admits.

66.     BOP admits.

67.     BOP admits.

68.     BOP denies, and avers that on November 9, 2022, BOP released 680 pages of non-exempt records or non-exempt portions of records to Plaintiffs in response to the October 2021 Request.

**B.      Plaintiffs' February 2022 Requests and the Responses from DHS and CBP**

69.     DHS and CBP admit that they received FOIA requests from Plaintiffs dated February 25, 2022.   The remaining allegations in Paragraph 69 constitute Plaintiffs' characterization of the February 2022 Request, to which no response is required.  To the extent Paragraph 69 contains factual allegations to which a response is required, DHS and CBP respectfully refer the Court to the February 2022 Request for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the February 2022 Request's true contents.

70.     Paragraph 70 constitutes Plaintiffs' characterization of the February 2022 Request and Plaintiffs' characterization of 5 U.S.C. § 552(a), to which no response is required.  To the extent Paragraph 70 contains factual allegations to which a response is required, DHS and CBP respectfully refer the Court to the February 2022 Request and the cited statutory provision for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the February 2022 Request's or the cited statutory provision's

true contents.  DHS and CBP deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 70.

### *February 2022 Requests to DHS*

71.     DHS admits.

72.     DHS admits.

### *February 2022 Requests to CBP*

73.     CBP denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 regarding a fee waiver request sent to DHS, and admits that that on March 1, 2022, CBP sent a response to Plaintiffs and denied Plaintiffs' February 25, 2022 request for a fee waiver.  Defendant CBP admits that it changed the tracking number for the February 2022 Request to CBP-IA-2022-047980.

74.     CBP admits that it sent Plaintiffs an email acknowledging receipt of Plaintiffs' appeal of the denial of the February 2022 fee waiver request, dated May 10, 2022, and stating that it received Plaintiffs' request on May 13, 2022.  CBP admits that Plaintiff's appeal was assigned reference number CBP-AP-2022-078470.

75.     CBP admits that it sent Plaintiffs a letter in response to the fee waiver appeal of the denial of Plaintiffs' February 25, 2022 fee waiver request, dated May 10, 2022, stating that CBP conditionally granted its fee waiver appeal related to the February 2022 Request on June 8, 2022. Defendant CBP admits that Plaintiffs' appeal was referred to by reference number CBP-AP-2022-078470 and CBP-OC-2022-047980 in this letter.

76.     CBP denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and avers that CBP does not have any record of the referenced correspondence from June 30, 2022.

77.     CBP admits that since June 30, 2022, CBP has not issued correspondence to Plaintiffs regarding the February 2022 Request.

78.     DHS, CBP, and ICE deny the allegations in Paragraph 78, except admit that, to date, DHS, CBP have not produced non-exempt records or portions of records responsive to the October 2021 Request and the February 2022 Request, and that ICE has not produced non-exempt portions of records responsive to the October 2021 Request.  To the extent Paragraph 78 constitutes alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, no response is required.

## CLAIMS FOR RELIEF

### CLAIM I

79.     Defendants repeat each and every response set forth herein to the allegations in Paragraphs 1–78 of the Complaint.

80.     Paragraph 80 contains conclusions of law to which no response is required.  To the extent Paragraph 80 contains factual allegations to which a response is required, deny the allegations in Paragraph 80.

81.     Paragraph 81 contains conclusions of law to which no response is required.  To the extent Paragraph 81 contains factual allegations to which a response is required, deny the allegations in Paragraph 81.

82.     Paragraph 82 contains conclusions of law to which no response is required.  To the extent Paragraph 82 contains factual allegations to which a response is required, deny the allegations in Paragraph 82.

83.     Paragraph 83 contains conclusions of law to which no response is required.  To the extent Paragraph 83 contains factual allegations to which a response is required, deny the allegations in Paragraph 83.

84.     Paragraph 84 contains conclusions of law to which no response is required.  To the extent Paragraph 84 contains factual allegations to which a response is required, deny the allegations in Paragraph 84.

85.     Paragraph 85 contains conclusions of law to which no response is required.  To the extent Paragraph 85 contains factual allegations to which a response is required, deny the allegations in Paragraph 85.

## CLAIM II

86.     Defendants repeat each and every response set forth herein to the allegations in Paragraphs 1–85 of the Complaint.

87.     Paragraph 87 contains conclusions of law to which no response is required.  To the extent Paragraph 87 contains factual allegations to which a response is required, deny the allegations in Paragraph 87.

88.     Paragraph 88 contains conclusions of law to which no response is required.  To the extent Paragraph 88 contains factual allegations to which a response is required, deny the allegations in Paragraph 88.

89.     Paragraph 89 contains conclusions of law to which no response is required.  To the extent Paragraph 89 contains factual allegations to which a response is required, deny the allegations in Paragraph 89.

90.     Paragraph 90 contains conclusions of law to which no response is required.  To the extent Paragraph 90 contains factual allegations to which a response is required, deny the allegations in Paragraph 90.

91.     Paragraph 91 contains conclusions of law to which no response is required.  To the extent Paragraph 91 contains factual allegations to which a response is required, deny the allegations in Paragraph 91.

92.     Paragraph 92 contains conclusions of law to which no response is required.  To the extent Paragraph 92 contains factual allegations to which a response is required, deny the allegations in Paragraph 92.

93.     Paragraph 93 contains conclusions of law to which no response is required.  To the extent Paragraph 93 contains factual allegations to which a response is required, deny the allegations in Paragraph 93.

94.     Paragraph 94 contains conclusions of law to which no response is required.  To the extent Paragraph 94 contains factual allegations to which a response is required, deny the allegations in Paragraph 94.

## CLAIM III

95.     Defendants repeat each and every response set forth herein to the allegations in Paragraphs 1–94 of the Complaint.

96.     Paragraph 96 contains conclusions of law to which no response is required.  To the extent Paragraph 96 contains factual allegations to which a response is required, deny the allegations in Paragraph 96.

97.     Paragraph 97 contains conclusions of law to which no response is required.  To the extent Paragraph 97 contains factual allegations to which a response is required, deny the allegations in Paragraph 97.

98.     Paragraph 98 contains conclusions of law to which no response is required.  To the extent Paragraph 98 contains factual allegations to which a response is required, deny the allegations in Paragraph 98.

99.     Paragraph 99 contains conclusions of law to which no response is required.  To the extent Paragraph 99 contains factual allegations to which a response is required, deny the allegations in Paragraph 99.

100.    Paragraph 100 contains conclusions of law to which no response is required.  To the extent Paragraph 100 contains factual allegations to which a response is required, deny the allegations in Paragraph 100.

101.    Paragraph 101 contains conclusions of law to which no response is required.  To the extent Paragraph 101 contains factual allegations to which a response is required, deny the allegations in Paragraph 101.

## <u>REQUEST FOR RELIEF</u>

The paragraphs following Paragraph 101 contain Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendants allege as follows:

## FIRST DEFENSE

Plaintiffs' complaint should be dismissed in whole or in part for failure to state a claim on which relief may be granted.

## SECOND DEFENSE

Defendants have exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to process the FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

## THIRD DEFENSE

The information requested in Plaintiffs' FOIA requests are exempt in whole or in part under the FOIA.  *See* 5 U.S.C. § 552(b).

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

\*   \*   \*

Defendants may have additional defenses that are presently unknown but may be ascertained at a later time.  Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses pursuant to Federal Rules of Civil Procedure 8 and 12.

Dated: New York, New York
       December 5, 2022

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney
                              Southern District of New York

                   By:    */s/ Dana Walsh Kumar*
                              DANA WALSH KUMAR
                              TOMOKO ONOZAWA
                              Assistant United States Attorneys
                              86 Chambers Street, Third Floor
                              New York, New York 10007
                              Tel.: (212) 637-2741/2721
                              Fax: (212) 637-2717
                              E-mail: dana.walsh.kumar@usdoj.gov
                                      tomoko.onozawa@usdoj.gov