

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

**By ECF**                                                                                       May 12, 2023

The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, NY 10007

      Re:    *Haitian Bridge Alliance et al. v. U.S. Department of Homeland Security et al.*, No. 22 Civ. 8344 (ER)

Dear Judge Ramos:

      On behalf of defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE") (collectively, the "DHS Defendants" or the "Government"), we write respectfully to request a pre-motion conference with respect to the Government's anticipated cross-motion for partial summary judgment in the above-referenced Freedom of Information Act ("FOIA") case.

**A.     Factual Background**

      On October 1, 2021, Plaintiffs sent a FOIA request (the "October 2021 Request") to defendants DHS, CBP, ICE, the Federal Bureau of Prisons ("BOP"), and 14 other federal agencies, seeking a wide range of records concerning the Government's treatment of approximately 15,000 migrants who had crossed the Mexican border and arrived in Del Rio, Texas, in September 2021. *See* **Ex. A**. Request No. 1 contained 37 subparts, Request No. 2 contained 15 subparts, and Request No. 3 contained 20 subparts, for a total of 72 numbered requests. On January 28, 2022, DHS informed Plaintiffs that the October 2021 Request was "too broad in scope or did not specifically identify the records which [Plaintiffs] are seeking," and asked Plaintiffs to resubmit the October 2021 Request with "a reasonable description of the records sought," but Plaintiffs refused. CBP and ICE acknowledged receipt of the request.

      On February 25, 2022, Plaintiffs sent a second FOIA request (the "February 2022 Request") to DHS and CBP, seeking additional records concerning any investigations related to the treatment of individuals in the Del Rio sector in September 2021. *See* **Ex. B.** DHS and CBP subsequently acknowledged receipt of the February 2022 Request in writing, but did not engage in further communications with Plaintiffs regarding that request. Plaintiffs filed the instant suit on September 30, 2022 against the DHS Defendants and BOP, seeking disclosure of the records requested in the October 2021 and February 2022 FOIA Requests.[1]

      As of today, CBP and ICE have agreed to search for and process non-exempt portions of records responsive to Request No. 3 of the October 2021 Request; DHS and CBP have agreed to search for and process non-exempt portions of records responsive to the February 2022 Request;

---

[1] The Government's anticipated motion will be filed on behalf of the DHS Defendants only. As of April 12, 2023, defendant BOP has completed its searches for responsive records and produced all non-exempt portions of responsive records to Plaintiffs in four separate productions. BOP believes it has satisfied its obligations under FOIA.

and DHS has referred the February 2022 Request to ICE. However, despite the parties' attempts to narrow the scope of Request Nos. 1 and 2 of the October 2021 Request through settlement discussions from November 2022 to May 2023, the parties have been unable to reach agreement. Accordingly, the DHS Defendants intend to move for partial summary judgment as to those portions of the October 2021 Request on the grounds set forth below, although the DHS Defendants reserve the right to raise additional points in their motion.

### B.   Request Nos. 1 and 2 of the October 2021 Request Do Not Reasonably Describe the Records Sought

Both requests broadly seek all records encompassing every facet of the DHS Defendants' operational mission in the Del Rio Sector. Request No. 1 seeks "[a]ll Records…whether formal or informal, created since September 1, 2021, including all revisions of such Records, related to or reflecting" "plans for responding to the arrival or presence of migrants"; "[a]ctions taken by the Agency or Agency personnel in response to the arrival or presence of migrants"; "[t]he processing of arriving migrants"; "actions or efforts to create and maintain records with respect to migrants"; "actions or efforts to ensure that the processing of migrants . . . complies with the Agency's legal duties under applicable statutes, regulations, and court orders"; the provision of temporary housing, medical care, food, water, and clothing to migrants; the scheduling of "resources and personnel from the Agency, other federal or state agencies, or private companies" to provide housing, medical care, food and water; and all "actions or efforts to determine whether migrants should be placed in removal proceedings." *See* Ex. A, at 1–13. Request No. 2 seeks "[a]ll records, whether formal or informal, created since September 1, 2021, including all revisions of such Records, related to or reflecting correspondence and communications" relating to "plans for responding to, and actions taken by the Agency or Agency personnel, in response to, the arrival or presence of migrants," and communications and correspondence with the State of Texas, the Government of Mexico, "any federal or state agency, contractor, or private company," the Republic of Haiti, unnamed "partners in the hemisphere," and unnamed "senior-level personnel" at the State Department. *Id.* at 13–16.

Request Nos. 1 and 2 do not meet FOIA's mandate under 5 U.S.C. § 552(a)(3) that a request "reasonably describe[] the records sought . . . so as to enable the searching agency to determine precisely what records are being requested." *Amnesty Int'l USA v. CIA*, 2008 WL 2519908, at *12 (S.D.N.Y. June 19, 2008) (internal quotation marks omitted). "A request reasonably describes the records if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort." *Informed Consent Action Network v. U.S. Food & Drug Admin.*, 2022 WL 902083, at *2 (S.D.N.Y. Mar. 28, 2022) ( internal quotation marks omitted). "Broad, sweeping requests lacking specificity are not sufficient." *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2022) (citations omitted).

### C.   The Government's May 2 Proposal

For several months, the Government attempted to work with Plaintiffs to clarify the records Plaintiffs are seeking in Request Nos. 1 and 2 of the October 2021 Request so that the DHS Defendants could process the request. On May 2, 2023, the Government sent Plaintiffs a final proposal (the "May 2 Proposal"), which reformulated Request Nos. 1 and 2 of the October 2021 Request in such a way that the DHS Defendants would be able to conduct reasonable searches. *See* **Ex. C**, at 1–4. Plaintiffs refused to accept the May 2 Proposal.

The Government respectfully requests that the Court enter an order limiting the scope of Request Nos. 1 and 2 of the October 2021 Request to what is set forth in the May 2 Proposal. As drafted, Request Nos. 1 and 2 are contrary to what is required under FOIA and would impose an undue burden on the DHS Defendants. As described above, Request Nos. 1 and 2 seek all agency records, without limitation as to the type of record sought, relating to migrants in the Del Rio Sector in September 2021. Responding to the requests as drafted would require an enormous amount of agency resources to locate every single record relating to migrants in that area. This is impermissible. *See Ctr. For Immigr. Stud. v. USCIS*, 2022 WL 4289561, at *3 (D.D.C. Sept. 16, 2022) ("Requesters may not make unreasonable demands of an agency, such as by seeking whatever document they want from whomever and wherever they choose.").

The May 2 Proposal attempts to remedy these deficiencies by identifying specific records or categories of records for which the DHS Defendants can conduct reasonable searches. The May 2 Proposal includes the types of records maintained by the DHS Defendants that would likely relate to the records Plaintiffs appear to be seeking. To go beyond the May 2 Proposal and request additional documents based on catchall categories would amount to a fishing expedition that does not comply with FOIA. *See Dale*, 238 F. Supp. 2d at 105 (request for "any and all documents" that relate in any way to a taxpayer constituted "all-encompassing fishing expedition of files at IRS offices across the country, at taxpayer expense"); *see also Clevenger v. U.S. Dep't of Just.*, 2020 WL 1846565, at *13 (E.D.N.Y. Apr. 3, 2020) (citing *Dale*).

Plaintiffs' remaining objections to the May 2 Proposal are without merit. First, Plaintiffs assert that DHS must search for records identified in Sections A and B of the May 2 Proposal. However, DHS does not have the types of records contemplated by these portions of the request. *See* Ex. C at 1-7. If any such records do exist, ICE and CBP are the components that might have those records. Accordingly, DHS should not be compelled to conduct futile searches. *See Party Parliamentary Grp. on Extraordinary Rendition v. U.S. Dep't of Defense*, 134 F. Supp. 3d 201, 206 (D.D.C. 2015) (accepting agency's position that it was not required to conduct a search of records based on unlikelihood that it possessed such records); *Amnesty Int'l USA v. CIA*, 2008 WL 2519908, at *11 n.17 (S.D.N.Y. June 19, 2008) ("Where, as here, the Government's declarations establish that a search would be futile, however, the reasonable search required by FOIA may be no search at all").

Second, Plaintiffs seek to dictate the search terms that the DHS Defendants will use to search for email communications and attachments. But it is within the agencies' discretion to identify search terms that are reasonably tailored to uncover responsive records regarding the DHS Defendants' policies, directives, and actions relating to the treatment, processing, and removal of migrants in the Del Rio Sector. Because a FOIA petitioner "cannot dictate the search terms for his or her FOIA request," at this juncture, the DHS Defendants must be allowed to use their "discretion in crafting a list of search terms" and the parties can review their adequacy at a later stage, if needed. *Bigwood v. U.S. Dep't of Def.*, 2015 WL 5675769, at *9 (D.D.C. Sept. 25, 2015); *see Doyle v. U.S. Dep't of Homeland Sec.*, 331 F. Supp. 3d 27, 55 (S.D.N.Y. 2018) (challenge to agency's search terms "amounts to precisely the sort of nit-picking that courts have rejected").

For these reasons, the Government intends to move for partial summary judgment with respect to Request Nos. 1 and 2 of the October 2021 FOIA Request.

We thank the Court for its attention to this matter.

                                      Respectfully,

                                      DAMIAN WILLIAMS
                                      United States Attorney

By:   /s/ *Tomoko Onozawa*
        Tomoko Onozawa
        Dana Walsh Kumar
        Assistant United States Attorneys
        Tel.: (212) 637-2721/2741
        Dana.Walsh.Kumar@usdoj.gov
        Tomoko.Onozawa@usdoj.gov

cc: Plaintiffs' Counsel (By ECF)

Attachments A–C