

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

**By ECF**  May 19, 2023
The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, NY 10007

  Re: *Haitian Bridge Alliance et al. v. U.S. Department of Homeland Security et al.*, No. 22 Civ. 8344 (ER)

Dear Judge Ramos:

  On behalf of defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE") (collectively, the "DHS Defendants" or the "Government"), we write respectfully in response to Plaintiffs' letter (ECF No. 46), requesting a pre-motion conference with respect to their anticipated cross-motion for partial summary judgment in the above-referenced Freedom of Information Act ("FOIA") case.

 A. **DHS Memoranda and Reports**

  Defendant DHS should not be compelled to conduct futile searches for certain records. By way of background, DHS is a large and complex agency with over 260,000 employees and eight operational components, one of which is Defendant DHS, or DHS-Headquarters ("DHS-HQ"). DHS-HQ is one of the smaller offices compared to other operational components of the agency. DHS-HQ's primary function is to oversee and coordinate the agency's legal affairs, public affairs, external engagements, operational requirements, and legislative affairs. In addition, DHS HQ leads the development and coordination of DHS-wide strategies, policies, and plans to promote and ensure integration across DHS using risk-based analysis, subject-matter expertise, and stakeholder feedback.

  The operational components of DHS, including CBP, ICE, USCIS, FEMA, and TSA, execute DHS's operational activities and are located throughout the United States. These components are comprised of large workforces responsible for carrying out specific missions. CBP safeguards America's borders by keeping terrorists, their weapons, and all dangerous people and illicit materials out of the United States while facilitating lawful international travel and trade. ICE enforces criminal and civil federal laws governing border control, customs, trade, and immigration. With respect to FOIA, DHS has a "decentralized system for processing FOIA requests, with each component [of DHS] handling requests for its records." 6 C.F.R. § 5.1(c).

  In the Government's May 2 Proposal, the DHS Defendants set forth categories of documents for which the Defendants would be able to conduct searches. Certain categories of documents call for policies, procedures, directives, formal guidance, formal reports, and memoranda regarding specific events in the Del Rio Sector in September 2021. These types of

policies, procedures, reports, and memoranda about the particulars of an operational issue are typically handled at the component level, as each component has its own leadership, counsel, and policy-making functions. Accordingly, ICE and CBP are the components that may have records responsive to these categories—not DHS-HQ. DHS-HQ is not typically involved in the day-to-day operations or on the ground issues that would be responsive to the categories of records listed in Section A of the May 2 Proposal. *See* Exhibit C, ECF No. 45-3, at 1-4. DHS-HQ has agreed to search for communications for several custodians, including the Secretary of the Department, for responsive records, and DHS-HQ is currently processing the February 2022 FOIA Request. *See id.* at 6-8. This is the appropriate universe of documents for DHS-HQ to search.[1] Because FOIA does not require an agency to conduct futile searches, *see Amnesty Int'l USA v. CIA*, 2008 WL 2519908, at *11 n.17 (S.D.N.Y. June 19, 2008), this Court should deny Plaintiffs' request for an order directing DHS HQ to search for the categories of records listed in Section A of the May 2 Proposal.

**B.   Search Terms and Custodians**

The Government has agreed to search for responsive electronic communications for a group of agreed-upon custodians for each defendant. Plaintiffs' previously proposed search terms are overly broad and are likely to produce an extremely large universe of potentially unresponsive documents.[2] In light of the parties' inability to reach agreement, and because a FOIA petitioner "cannot dictate the search terms for his or her FOIA request," *Bigwood v. U.S. Dep't of Def.*, 2015 WL 5675769, at *9 (D.D.C. Sept. 25, 2015), the DHS Defendants must be permitted to exercise their discretion to craft search terms that are most likely to yield records that may be responsive to Plaintiffs' FOIA request.

With respect to the time frame for the search for email communications, Plaintiffs have requested that the DHS Defendants perform certain searches from September 2021 to the present. The DHS Defendants have proposed searching September and October 2021, which is the time frame when the relevant events that are the subject of the October 2021 FOIA Request occurred. Significantly, the DHS Defendants have agreed to search for records as set forth in Sections A, B, and C, of the May 2 Proposal with a search date cut-off of the date of the search. *See* Exhibit C, ECF No. 45-3, at 1-3.[3] With respect to Section D, which relates to e-mail communications, it would be unduly burdensome to search for years of communications beyond when the relevant events took place. *See Jud. Watch, Inc. v. United States Dep't of State*, 681 F. App'x 2, 5, (D.C. Cir. 2017) ("FOIA does not require [the agency] to perform such an overly broad and unduly

---

[1] To attempt to show DHS-HQ's involvement in the matters that are the subject of Plaintiffs' FOIA Request, Plaintiffs point to a September 2021 press release in which Secretary Mayorkas discussed the situation in Del Rio and press releases regarding the Department's strategy or involvement in the Del Rio sector in September 2021. These press releases, however, do not alter DHS-HQ's assessment that it does not possess responsive records in the categories for which Plaintiffs have requested that DHS-HQ perform searches. Moreover, DHS-HQ has already agreed to search Secretary Mayorkas's email communications from September to October 2021.

[2] For example, the search terms proposed by Plaintiffs have yielded approximately 23,000 pages of potentially responsive records for just one ICE custodian for the period from September to October 2021, not including excel spreadsheets. This single search alone would take years for ICE to process.

[3] Notably, the DHS Defendants have also agreed to process the February 2022 FOIA Request (*see* Exhibit C, Section C, ECF No. 45-3 at 6-7), which may include communications, beyond October 2021.

burdensome search."). The time frame set forth in the May 2 Proposal with respect to searches of emails is an appropriate search to yield records responsive to Plaintiffs' October 2021 Request.

Plaintiffs argue that Chris Magnus, the former Commissioner of the CBP, be added as a custodian. Chris Magnus, however, was not the CBP Commissioner during September and October of 2021, and therefore is not an appropriate custodian for the contemplated email search.

C.  **Unreasonably Broad Categories of Documents**

Despite months of attempts to come to agreement on the scope of Plaintiffs' unreasonably broad FOIA request, Plaintiffs continue to insist that the DHS Defendants conduct searches for unreasonably broad categories of records reflecting information "to the extent [it is] not captured" by the other requests. *See* Pl. Ltr., ECF No. 46, Ex. B, at 4-6. In their letter, Plaintiffs refer to "basic statistics" supposedly being withheld, but ICE and CBP have agreed to search for aggregate data relating to, among other things, the "total volume or quantities of food; water; housing or shelter; medical care (including COVID-19 vaccinations and testing); sanitation facilities; hygiene products; diapers; baby food and formula; and clothing" and the "total numbers of deaths of migrants; drownings of migrants; pregnancies of migrants; migrants going into labor or giving birth; and hospitalizations of migrants in Del Rio between September 1, 2021, and September 25, 2021." *See* Exhibit C, ECF No. 45-3, at 4. Plaintiffs, however, continue to request that the DHS Defendants conduct searches for an unspecified universe of documents that is supposedly not otherwise being captured by the searches that the DHS Defendants have agreed to conduct. This is unreasonable and not required under FOIA. *See Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2022) ("Broad, sweeping requests lacking specificity are not sufficient.").

For these reasons and the reasons set forth in the Government's May 12 letter (ECF No. 45), the Government intends to move for partial summary judgment with respect to Request Nos. 1 and 2 of the October 2021 FOIA Request and will oppose Plaintiffs' proposed cross-motion for partial summary judgment.

We thank the Court for its attention to this matter.

    Respectfully,

    DAMIAN WILLIAMS
    United States Attorney

By:   /s/ *Dana Walsh Kumar*
    Dana Walsh Kumar
    Tomoko Onozawa
    Assistant United States Attorneys
    Tel.: (212) 637-2721/2741
    Dana.Walsh.Kumar@usdoj.gov
    Tomoko.Onozawa@usdoj.gov

cc: Plaintiffs' Counsel (By ECF)