UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAITIAN BRIDGE ALLIANCE, AFRICAN COMMUNITIES TOGETHER, and UNDOCUBLACK NETWORK,

                Plaintiffs,

-v-

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and FEDERAL BUREAU OF PRISONS,

                Defendants.

22 Civ. 8344 (ER)

---

**SECOND DECLARATION OF FERNANDO PINEIRO**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

    1.    I am the FOIA Director of the U.S. Immigrations and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

    2.    As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA

and Privacy Act requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3. Through the exercise of my official duties, I am familiar with ICE's receipt and handling of the FOIA requests submitted by the Plaintiffs in this lawsuit and the steps taken to respond to Plaintiffs' FOIA requests.

4. I make this declaration in support of ICE's opposition to Plaintiffs' cross-motion for partial summary judgment, which seeks a production schedule requiring ICE to process 1,500 pages per month.

5. The statements contained in this declaration are based upon my personal knowledge, my review of the documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

A.  **ICE FOIA's Standard Procedures for Processing FOIA Requests**

6. When the ICE FOIA Office receives a FOIA request, the intake staff evaluates it to determine if it is a proper FOIA request per DHS FOIA regulation 6 C.F.R. § 5.3. Generally, a FOIA request is considered proper and in compliance with DHS regulations if it reasonably describes the records sought and the records are under the purview of ICE.

7. Proper FOIA requests are entered into a database known as SecureRelease and assigned a case tracking number. Based upon the requester's description of the records being sought and ICE FOIA's knowledge of the various program officers' missions, the ICE FOIA Office identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.

8. ICE records are maintained by leadership offices and/or within ICE directorates, including but not limited to, the Office of Public Affairs, the Office of Enforcement and Removal Operations, the Office of Professional Responsibility, the Office of the Director, the Office of the Principal Legal Advisor, and the Chief Financial Officer. The program offices are typically staffed with a designated point of contact ("POC"), who is the primary person responsible for communications between that program office and the ICE FOIA Office. Each POC is a person with detailed knowledge about the operations of his/her respective program office.

9. Upon receipt of a proper FOIA request, the ICE FOIA Office will identify which program offices within ICE are reasonably likely to possess records responsive to that request, if any, and task the relevant program offices with searches. Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. The POCs then review the FOIA request, along with any case-specific instructions that may have been provided and based on their experience and knowledge of their program office practices and activities, forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any. In conformity with the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, based on their knowledge of the manner in which they routinely keep records, would most likely be the files to contain responsive documents. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn, provides

the records to the ICE FOIA Office. The ICE FOIA Office then reviews the collected records for responsiveness and the application of appropriate FOIA Exemptions.

10. ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if the office uses one), DVDs, CDs, and/or USB storage devices. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files.

11. Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files – some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.

12. Records received by the ICE FOIA Office from the program office POCs are assigned to a FOIA processor who determines whether or not the records are responsive to the FOIA request. If the records are responsive, the FOIA processor will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously ensuring that all reasonably segregated non-exempt information is released.

13. Frequently, the ICE FOIA Office must coordinate between multiple program offices to ensure the program office records are properly redacted and information is correctly

segregated. Once the ICE FOIA Office completes its coordination efforts and all responsive records have been processed, the ICE FOIA Office releases the responsive records to the requester.

**B.     Recent Statistics Regarding FOIA Requests Submitted to ICE**

14.     As of September 2023, the ICE FOIA Office is processing approximately 32,191 open FOIA requests, addressing a backlog of 29,414 FOIA requests. There are approximately 161 open federal district court cases and 69 cases in active production.

15.     In fiscal year ("FY") 2020, the number of FOIA requests the ICE FOIA Office handled dramatically increased to over 100,000 from approximately 64,000 in FY 2019. Since FY 2020, that number has continued to increase, with the ICE FOIA Office handling approximately 105,000 requests in FY 2021 and over 110,000 requests in FY 2022. This spike in ICE FOIA's workload is attributed to an increase in the number of requests from individuals for documents in their immigration file, coupled with increased public interest in the Department's implementation of Presidential and/or Executive Orders.[1]

**C.     Complexity and Volume of FOIA Requests Received by ICE**

16.     In addition to the increasing volume of FOIA requests, ICE has also experienced an increase in the complexity of FOIA requests, both in terms of volume and substance. For example, the ICE FOIA Office frequently receives requests with 50 to 60 sub-parts comprising several pages, searches of numerous program offices, and a universe of records that has thousands of pages to review and process. These FOIA requests take considerably longer to process due to extensive searches and the intricacy of the documents and/or data produced. In FY 2019, one FOIA requester alone – a data clearing house – filed more than 370 FOIA requests seeking extensive

---

[1] The FOIA Project Freeing Information through Public Accountability (December 14, 2021) http://foiaproject.org/2021/12/14/november-2021-foia-litigation-with-five-year-monthly-trends/.

data extracts. In FY 2020, the same requester filed more than 480 similar FOIA requests and over 520 in FY 2021.

17. Plaintiffs' FOIA request is complex. Plaintiffs' October 2021 FOIA request was extremely broad, contained many sub-parts, and did not reasonably describe the records requested. It took many months of negotiation with Plaintiffs to narrow the request such that ICE would be able to conduct searches and process the request. This negotiation culminated in the May 2 Proposal, as modified, which ICE has agreed to process.

18. In response to the increasingly heavy workload, the ICE FOIA Office has adopted the court-sanctioned practice of generally handling backlogged requests on a "first-in, first-out basis," which ensures fairness to all FOIA requesters by not prioritizing one request over another. This practice applies to requests that are in litigation. The reason for this is that the principle of fairness to all requesters would be jeopardized if a requester was permitted to "jump the line" by filing a case in federal district court. Generally, the only exception to this is where a court orders processing at rates above the ICE FOIA Office's current processing rate for all cases.

**D.   Current Workload of The ICE FOIA Litigation Processing Unit**

19. The increasing complexity and volume of ICE FOIA's workload and backlog (see paragraphs 16-19) creates the potential that some FOIA requests could become subject to litigation in federal district court.

20. The ICE FOIA Litigation Processing Unit's workload has increased such that as of September 2023, it is handling 161 active FOIA litigations, of which, 69 litigations have monthly rolling productions. ICE's normal processing rate for cases in litigation is 750 pages or 7.5 minutes of media files, per month, per case. This means, on average, the ICE FOIA Litigation

Unit is currently processing approximately 27,000 pages of potentially responsive records, and producing approximately 18,000 pages of responsive records each month.

21. The ICE FOIA Litigation Processing Unit also drafts, assigns, and tracks any and all searches for responsive documents concerning FOIA litigations. The FOIA litigation search taskings frequently span dozens of ICE program and field offices and require the Unit to keep track of hundreds of thousands of responsive records, as well as the documentation from searches of the program offices and field offices.

22. The ICE FOIA Litigation Processing Unit has collateral duties, in addition to processing documents pursuant to litigation. For example, the processing unit prepares various reports for statistical tracking, responds to Congressional inquiries and requests for records, redacts Prison Rape Elimination Act reports, sends out FOIA Exemption (b)(4) submitter notices, and manages litigation consults and referrals from other agencies. Additionally, the processing unit supports attorneys in the ICE Office of the Principal Legal Advisor with federal FOIA litigation, by assisting in the creation of *Vaughn* indexes, reviewing declarations, and coordinating on joint status reports to the court. These collateral duties are within the scope of the FOIA and are required.

23. To meet its obligations for all cases in litigation by ensuring that all of the FOIA matters progress, and each requester receives a response, the ICE FOIA Office typically cannot process more than 750 pages or 7.5 minutes of media files per month per case. Any increase in production for one case will inevitably hinder ICE FOIA's ability to process records for production in other matters.

24. Moreover, the ICE FOIA Office typically cannot produce a set number of pages per month. Depending on the volume of records located in the search tasking phase of the administrative stage and/or FOIA litigation, if the Court orders ICE FOIA to "produce" rather than

"review" or "process" a certain number of pages per month, it is entirely plausible that the processors would have to review hundreds, or even thousands, of additional pages on top of a 750-page processing rate, in order to get to the requisite production number. ICE FOIA is incapable of achieving this outcome based on finite resources, competing priorities, litigation and non-litigation deadlines, and the sheer volume of overall work.

25. ICE is currently processing Plaintiffs' October 2021 FOIA Request as set forth in the May 2 Proposal, and as modified by ICE's partial motion for summary judgment.

26. Due to the FOIA Office's limited resources, requiring ICE to process 1,500 per month in this case would divert resources to Plaintiffs' FOIA requests at the expense of other FOIA requesters. ICE respectfully requests that the Court issue a scheduling order to allow the agency to process no more than 750 pages per month in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this __13th__ day of __October__ 2023.

MERONICA D STONEY
Digitally signed by MERONICA D STONEY
Date: 2023.10.13 13:55:26 -04'00'

Meronica D. Stoney, on behalf of
Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009